UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOHAMMADHADI FARZAD and<br>REZA S. SABERIAN, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) CAUSE NO.  1:19-CV-2464<br>) |
| GARNIK S. SUBWAY, INC. and<br>GARNIK SAHAKIAN, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Mohammadhadi Farzad ("Farzad") and Reza S. Saberian ("Saberian" or collectively "Plaintiffs") by counsel, brings this action against Defendants, Garnik S. Subway Inc. ("Company") and Garnik Sahakian ("Sahakian", collectively "Defendants"), and show as follows:

**OVERVIEW**

1. Defendants failed to pay Plaintiffs in accordance with the overtime wage requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage and hour requirements under Indiana state law.  Specifically, Defendants failed to pay Plaintiffs time and one-half for all hours in excess of forty hours worked per week by Plaintiffs.   The Company also failed to pay Plaintiffs' wages they earned as required by the Indiana Wage Payment Statute.

Moreover, Defendants committed fraud against Plaintiffs.  Sahakian, for himself on behalf of Company, made material representations that were false to induce Plaintiffs to enter into an agreement to 'rent to buy' a Subway location from him and his Company.  Plaintiffs

relied upon these representations and suffered harm as a result thereof. Alternatively, Defendants breached its contract with Plaintiffs and was unjustly enriched as a result thereof.

## PARTIES

2. Defendants employed Farzad within the meaning of the FLSA within the three-year period preceding the filing of this complaint in Fishers, Indiana. At all times hereinafter mentioned, Farzad was an employee as defined by 29 U.S.C. § 203(e)(1).

3. Defendants employed Saberian within the meaning of the FLSA within the three-year period preceding the filing of this complaint in Fishers, Indiana. At all times hereinafter mentioned, Farzad was an employee as defined by 29 U.S.C. § 203(e)(1).

4. Company is an Indiana domestic corporation located in Fishers, Indiana. Company is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. Sahakian is an owner, member and/or officer of Company. In this capacity, Sahakian is involved in the day-to-day financial operations of Company. Sahakian has the authority to make decisions regarding wage and hour issues. At all relevant times, Sahakian had responsibility to act on behalf of, and in the interest of, company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Jones. As a result, Sahakian is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). They have engaged in interstate commerce.

## JURISDICTION

7. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. §1367 as they arise from the same common nucleus of operative fact.

## VENUE

8. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

8. Saberian worked for Sahakian at one of Company's stores prior to the events set forth in this Complaint. Saberian resigned that employment.

9. Sahakian ran in to Saberian in his new workplace.

10. Sahakian initiated a conversation about purchasing one of Company's Subway locations. Sahakian explained that a prior sale of the identified location had fallen through and that the store had a resale value of $343,000.

11. A series of meetings thereafter took place at a McDonald's in Fishers, Indiana. Sahakian represented himself and Company; both Plaintiffs were present.

12. Sahakian entered in to multiple franchise agreements with Subway Restaurants ("Subway") to own and operate Subway stores throughout central Indiana.

13. Sahakian knew that the agreement signed with Subway places various restrictions on the resale of a franchise location to a third-party. Sahakian did not disclose these restrictions to Plaintiffs.

14. Subway establishes the resale value of franchise locations. Sahakian knew that the value he quoted Plaintiffs was grossly overstated and not a figure supported by Subway.

15. Sahakian knew that potential Subway franchisees were required to go through various courses sponsored by Subway and that Subway has to approve potential franchisees before they can own and operate Subway locations. He did not divulge this fact to Plaintiffs.

16. Relying on Sahakian's representations, Plaintiffs began employment with Defendants in late Spring or early Summer 2017. They relied upon Defendants' promises and their contract when taking on these positions. As part of the fraudulent arrangement, they were to be paid an hourly wage during the term of the purchase agreement.

17. During the entirety of their employment, Defendants paid Plaintiffs an hourly rate. However, Defendants did not pay either Plaintiff time and one-half for all hours they worked during the course of their employment.

18. Ultimately, Plaintiffs were persuaded to become 'working owners' with an understanding whereby they would pay Defendants $30,000 in cash and a monthly stipend (initially $2,000, later increased by verbal representation by Sahakian) until the balance of the purchase price was paid. In reliance upon this promise, Plaintiff worked excessive hours and took steps to reduce cost. They were never shown financial records or paid full profits as the agreement required from October 2017 to March 2018.

19. In January 2018, Plaintiffs learned that Subway rejected them as potential owners until they took additional business and accounting classes.

20. Plaintiffs advised Sahakian of this fact. Sahakian did not deny that the arrangement he had convinced Plaintiffs to enter in with Defendants was, from the beginning, illegitimate.

21. Plaintiffs have been financially harmed as a result of Defendants' actions and the fraudulent promises made by Sahakian to them.

### COUNT I: FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. Plaintiffs hereby incorporate paragraphs one (1) through twenty (20) of their complaint as if the same were stated herein.

23. During the relevant time period, Defendants failed to pay Plaintiffs overtime wages in violation of 29 U.S.C. §§ 206.

24. Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

25. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiffs' rights as protected by 29 U.S.C. §§201 *et. seq*. and 215(a)(3).

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE
### WITH INDIANA STATE LAW

26. Plaintiffs hereby incorporate paragraphs one (1) through twenty-five (25) of their complaint as if the same were stated herein.

27. During the relevant time period, Defendants violated the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay Plaintiffs the wages they earned.

28. Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

### COUNT III: BREACH OF CONTRACT

29. Plaintiffs hereby incorporate paragraphs one (1) through twenty-eight (28) of her complaint as if the same were stated herein.

30. Defendants breached their contract with Plaintiffs by failing to pay them any wages

31. Defendants failed to divulge all profits to Plaintiffs as required by Defendants' purchase offer and the subsequent agreement entered in to by the Parties.

32. Plaintiffs have suffered injury as a result of Defendants' unlawful conduct.

## COUNT IV: UNJUST ENRICHMENT

33. Plaintiffs hereby incorporate paragraphs one (1) through thirty-two (32) of their complaint as if the same were stated herein.

34. Defendants induced Plaintiffs to act as working owners with the promise that they would retain profits after costs and the monthly payments were made. However, Defendants failed to pay Plaintiffs either the full profits or appropriate wages electing instead to retain these profits.

35. Plaintiffs have suffered injury as a result of Defendants' unlawful conduct.

## COUNT V: FRAUD

36. Plaintiffs hereby incorporate paragraphs one (1) through thirty-five (35) of their complaint as if the same were stated herein.

37. Sahakian, individually and on behalf of Company, made a material misrepresentation to Plaintiffs, to wit, that they could purchase his Subway franchise location as a transaction between private parties without restriction, that he knew was false, and that Plaintiffs replied upon that caused them financial injury.

38. Sahakian, individually and on behalf of Company, advised Plaintiffs that they could purchase his Subway franchise location as a private transaction without approval or the involvement of Subway which statement was materially false, and that Sahakian made this deceptive, material misrepresentation that was relied upon by Plaintiffs to their harm.

39. Sahakian, individually and on behalf of Company, fraudulently induced Plaintiffs to enter into an agreement to purchase his franchise agreement that could not be consummated without the approval and involvement of Subway. Moreover, he misrepresented the value of the

franchise location but nevertheless took Plaintiffs down payment and stole profits gained by their extraordinary efforts to reduce operational costs.

40. Plaintiffs have been hared by Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant them the following relief:

a. Find Defendants in violation of the FLSA and order them to pay Plaintiffs' unpaid back wages and liquidated damages in an equal amount;

b. Find Company in violation of Indiana Code §§22-2-5 *et. seq.* and order them to pay Plaintiffs their unpaid back wages, plus mandatory statutory liquidated damages;

c. Find Defendants to have breached its contract with Defendants and order Company to pay Plaintiffs all amounts due and owing;

d. Find Defendants to have been unjustly enriched as a result of Plaintiffs' efforts;

e. Find Defendants to have committed fraud against Plaintiffs, and award them all damages incurred by them and a penalty for the egregious nature of Defendants' conduct.

f. Order Defendant(s) to pay Plaintiffs' fees incurred as a result of bringing this action;

g. Order Defendant(s) to pay Plaintiffs' costs incurred as a result of bringing this action;

h. An Order awarding Plaintiffs' pre-judgment and post-judgment interest at the highest rates provided for by law; and

i. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff